UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TYLER LEE BARNHOUSE,

    Plaintiff,

v.

TRCI,

    Defendant.

Case No. 2:23-cv-01066-CL

ORDER TO AMEND

CLARKE, Magistrate Judge.

Plaintiff Tyler Barnhouse ("Plaintiff"), a self-represented litigant in custody at Two Rivers Correctional Institution ("TRCI") at the time of filing, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). Upon review, the Court finds that Plaintiff's Complaint is deficient in several respects, and he must amend his allegations for this action to proceed.

///

1 – ORDER TO AMEND

BACKGROUND

Plaintiff alleges that he is a person with Intellectual and Developmental Disabilities ("IDD") and that he is "protected by the [Americans with Disabilities Act ('ADA')]." (Compl. (ECF No. 2) at 4.) Plaintiff alleges that despite his condition, TRCI and its behavioral health services manager, Ms. Coleman, have denied Plaintiff mental health housing and services since August 2022. (*Id.* at 5.) Plaintiff seeks money damages for his "mental torment and suffering[.]" (*Id.*)

LEGAL STANDARD

The Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity or official if the Court determines that the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe *pro se* pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

DISCUSSION

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d

2 – ORDER TO AMEND

1070, 1074 (9th Cir. 2001). Therefore, "[t]o state a claim under [Section 1983], the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Wash. Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

Plaintiff fails to state a claim under Section 1983. As an initial matter, Plaintiff names TRCI as the sole defendant in this case. TRCI is a not "person" for the purposes of Section 1983 and, to the extent Plaintiff's claims may be construed as claims against the State of Oregon or the Oregon Department of Corrections, is immune from suit under the Eleventh Amendment. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state and not a "person" within the meaning of Section 1983); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (explaining that absent waiver, "neither a State nor agencies acting under its control may 'be subject to suit in federal court'")(simplified). Moreover, "liability under [Section] 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (explaining that "[l]iability under [S]ection 1983 arises only upon a showing of personal participation by the defendant" in the deprivation alleged) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)). Although Plaintiff alleges in the complaint that Ms. Coleman consistently denied his requests for mental health services and housing, he does not name her as a defendant. Plaintiff thus fails to state a Section 1983 claim against TRCI or its staff generally. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants").

3 – ORDER TO AMEND

The Court notes, however, that to the extent Plaintiff seeks to bring an ADA claim concerning the denial of mental health services and housing, TRCI is the correct defendant. *See Acosta v. Servin*, Case No. 20cv2225-MMA-MSB, 2021 WL 718599, at *6 (S.D. Cal. Feb. 24, 2021) (explaining that "the proper defendant in an ADA action is the public entity responsible for the alleged discrimination"). Title II of the ADA provides that: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Thus, to state an ADA claim, Plaintiff must allege sufficient facts to support a reasonable inference that:

> (1) he is an individual with a disability; (2) []he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) []he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of h[is] disability.

*Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018) (quoting *Sheehan v. City & Cnty. of S.F.*, 7143 F.3d 1211, 1232 (9th Cir. 2014).

The Court notes that inadequate or negligent medical treatment does not provide a basis for liability under the ADA, *see Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (explaining that "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability") (abrogated on other grounds in *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)), and that Plaintiff "must prove intentional discrimination on the part of the defendant" to recover damages under Title II, *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998)). As pleaded, the Court finds Plaintiff's allegations lack adequate specificity to plausibly suggest that he was discriminated against because of his disability in violation of the ADA.

4 – ORDER TO AMEND

Because it is unclear who Plaintiff intends to name as a defendant to this action and whether he seeks to bring claims under the ADA, the Court affords Plaintiff the opportunity to amend his complaint. The Court advises Plaintiff that if he chooses to file an amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right or federal law Plaintiff believes was violated; (2) the name of the person who violated the right (or, for an ADA claim, the correctional institution responsible); (3) exactly what the individual did or failed to do; (4) how the individual's action or inaction caused the violation; and (5) what specific injury Plaintiff suffered because of the individual's conduct. The Court cautions Plaintiff that his allegations must be adequately specific to put defendants on notice of the claims against them. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (explaining that although self-represented litigations "may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). Bare assertions of wrongdoing untethered to any factual foundation will not suffice. *See Patton v. Flores*, No. 3:19-cv-0659-WQH-LL, 2019 WL 2373551, at *3 (S.D. Cal. June 5, 2019) (noting that "[w]hile 'legal conclusions' like 'cruel and unusual punishment' 'can provide the framework of a complaint, they must be supported by factual allegations,' lest the Plaintiff face dismissal" (simplified)).

CONCLUSION

Within thirty days from the date of this Order, Plaintiff shall file an amended complaint curing the deficiencies noted above. The Court notes that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. The Court cautions Plaintiff that if he does not file an amended complaint within thirty days, this action will be dismissed.

Because the Court anticipates that Plaintiff will file an amended pleading curing the deficiencies identified above, the Court DENIES AS MOOT Defendant's Motion to Dismiss (ECF No. 33), with leave to renew the motion should Plaintiff fail to adequately remedy such deficiencies in an amended pleading.

IT IS SO ORDERED.

DATED this __6__ day of May, 2024.

_____
MARK D. CLARKE
United States Magistrate Judge