IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**TYLER LEE BARNHOUSE,**
*also known as*
**DAKOTA JAYE KINGSTON,**

                Plaintiff,

                v.

**TRCI,** *et al,*

                Defendants.

Case No. 2:23-cv-01066-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge

    Plaintiff Tyler Lee Barnhouse, also known as Dakota Jaye Kingston, ("Plaintiff") is a self-represented litigant who is currently in custody and housed at Deer Ridge Correctional Institution in Madras, Oregon. He brings claims in this case related to the time he spent housed in the Oregon State Penitentiary (OSP) and Two Rivers Correctional Institution (TRCI). Full consent to magistrate jurisdiction was entered on September 27, 2023 (ECF #17). The case comes before the Court on cross-motions for summary judgment, and Plaintiff's Motion to Resolve This Case. For the reasons below, the Defendants' motion (ECF #45) is GRANTED. Plaintiff's motion (ECF #57) is DENIED. Plaintiff's motion (ECF #66) is denied as moot. Judgment shall be entered for the Defendants.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Id. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## BACKGROUND

*a. Facts and allegations*

Plaintiff's Amended Complaint (ECF #37) contains factual allegations that essentially claim that, while he has been in the custody of the Oregon Department of Corrections (ODOC), he has suffered numerous mental health issues but has not received adequate care and treatment.

Plaintiff claims that he was denied Behavioral Health Services (BHS), even though doctors and staff at TRCI and Coffee Creek Correctional Facility (CCCF) recommended such services. Plaintiff claims that the failure to properly treat his mental health condition caused mental trauma and stress, which in turn caused him to have multiple seizures, and ultimately led to Plaintiff having a "psychotic episode," in which he overdosed on medication and ended up in a coma. Plaintiff asserts that incident caused vocal cord damage and caused him to develop "aspiration pneumonia," presumably from being intubated while he was in a coma.

In the section of his Amended Complaint where Plaintiff was prompted to "describe how each defendant was personally involved in the alleged wrongful action," Plaintiff lists the dates that he was housed at each institution, and he states that he was "wrongfully denied BHS services" but he fails to allege any personal involvement by any specific individual, stating instead that that he had "wrongful criminal charges brought and pressed against me from a PTSD/psychotic episode caused by ODOC staff." Plaintiff does state the names of one doctor and two mental health providers, but only to support his assertion that they each believed that Plaintiff truly needed mental health services.

*b. This case*

On July 20, 2023, Plaintiff filed this lawsuit, naming five defendants, and purporting to bring claims under 42 U.S.C. § 1983 and the U.S. Constitution. While Plaintiff's factual allegations revolve around his claims that the Defendants failed to properly provide mental health care and treatment, he states that he brings (1) a claim under the Eighth Amendment, (2) a claim for "medical BHS negligence," and (3) a claim for "Wrongful Criminal Charges due to BHS negligence." Plaintiff seeks money damages in the amount of $75,000.00, "plus the entire

amount for the hospital stay of February 2024 and the amount for the medical treatment to fix [his] damaged vocal cords."

Plaintiff names the following defendants in this case: (1) TRCI; (2) ODOC; (3) OSP (Oregon State Penitentiary); (4) Ms. Coleman, TRCI BHS Manager; (5) E. Reyes, TRCI Superintendent.

## DISCUSSION

The Defendants are entitled to summary judgment on all claims; their motion is granted.

### I. Defendants have Eleventh Amendment immunity from being sued in their official capacities.

The Eleventh Amendment bars suits against a state, its officials, and its agencies in federal court unless the state has unequivocally consented to such an action or Congress has unequivocally expressed its intent to abrogate the state's immunity under the Fourteenth Amendment. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001); *Collins v. Alaska*, 823 F.2d 329, 331-32 (9th Cir. 1987). This Eleventh Amendment immunity extends to state individuals sued in their official capacities. *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). A plaintiff may not bring a section 1983 action against a state official in his or her official capacity. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992). Therefore, Defendants are entitled to summary judgment to the extent that any claims are asserted against them in their official capacities. This includes the claims against TRCI, ODOC, and OSP, in their entirety, and the claims against the two individuals in anything but their individual capacity.

### II. Defendants are entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

First, as stated above, the three entity defendants, ODOC, TRCI, and OSP, are entitled to Eleventh Amendment Immunity from suit.

Second, the Court agrees with the Defendants that Plaintiff has not alleged sufficient conduct by either Plaintiff Reyes or Plaintiff Coleman to subject them to individual liability for an Eighth Amendment violation.

Third, even if these individual Defendants were directly involved in Plaintiff's care, to succeed on an Eighth Amendment claim for inadequate medical care, a plaintiff must demonstrate that defendants showed "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). Deliberate indifference is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The plaintiff must show that he was confined under conditions posing a risk of objectively serious harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

Here, Plaintiff's allegations do not rise to the level of a constitutional violation because he does not allege any purposeful act or failure to respond by any specific defendant. In addition, the Defendants have moved for summary judgment, and Plaintiff has failed to submit evidence that raises a question of fact as to whether any defendant took any purposeful act or failed to respond, with deliberate indifference. By contrast, Defendants do submit evidence to show that Plaintiff received the proper care. A review of Plaintiff's BHS records show that he has been receiving mental health services since he has been in ODOC custody. His mental health services include regularly scheduled visits with a BHS provider and prescriber based on his level of function. He received prescribed medications for mood, anxiety, and sleep. He received urgent and emergent care for episodes of acute distress, and self-harm. Although he has periodically refused or gone off mental health medications, ODOC BHS providers continued to review and respond to his complaints.

Additionally, none of the facts alleged or the medical records provided show that any course of treatment was taken in conscious disregard of an excessive risk to Plaintiff's health. There are no facts in the record that show that Plaintiff was confined under conditions posing a risk of objectively serious harm, nor that the defendant officials had a culpable state of mind in denying mental health care.

Finally, Defendant Coleman is the BHS Manager at TRCI, and Defendant Reyes is the Superintendent at TRCI. These appear to be supervisory positions, but both defendants are entitled to summary judgment as to supervisory liability. Under Section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*; *see also Jane Doe A v. Special School Dist.*, 901 F.2d 642, 645 (8th Cir. 1990) (individual defendants are subject to personal liability only if they received notice of a pattern of unconstitutional acts committed by subordinates; demonstrated deliberate indifference to or tacit authorization of the offensive acts; failed to take sufficient remedial action; and that such failure proximately caused injury."). Here, there is no evidence in the record that the individual Defendants had sufficient knowledge and acquiescence of a subordinate's misconduct such that they could be subject to supervisory liability.

For all of these reasons, the Defendants are entitled to summary judgment on this claim.

## III. Plaintiff has not adequately alleged or maintained a prima facie case of an ADA violation.

Plaintiff does not appear to be alleging an ADA violation against the Defendants. However, presumably in an abundance of caution, the Defendants' motion argues that Plaintiff has failed to show that Defendants violated Plaintiff's ADA rights, and the Court agrees.

The ADA applies in the prison context to prohibit discrimination against inmates with disabilities. *United States v. Georgia*, 546 U.S. 151, 154 (2006). To prove an ADA Title II claim, an inmate must establish that: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007); 42 U.S.C. § 12132. To recover monetary damages under Title II of the ADA or under the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant under a deliberate indifference standard. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Here, Plaintiff alleges that he was given inadequate medical treatment for his mental health issues, but he does not allege that he was discriminated against due to his mental health issues. He has not established that any defendant was deliberately indifferent to his medical needs. Therefore, this record fails to support any claim of discrimination under the ADA.

## IV.    Defendants are entitled to summary judgment as to Plaintiff's state law negligence claims.

As discussed above, Plaintiff has not alleged any specific conduct that can be attributed to the individual Defendants in this case, including any conduct that could be considered medically negligent. Additionally, Defendants move for summary judgment on these claims due to Plaintiff's failure to allege compliance with the Oregon Tort Claims Act's notice provision, which requires that notice be given 180 days before suit. Plaintiff did not substantively respond to Defendants' motion on this issue, thereby conceding the point. Defendants are entitled to summary judgment.

## V. Plaintiff has not carried his burden at summary judgment.

After the Defendants filed their Motion for Summary Judgment (ECF #45), the Court issued a Summary Judgment Advice Notice (ECF #47), which instructed Plaintiff as to the rules for responding to such a motion, and what he must do to avoid dismissal of his case. Nevertheless, Plaintiff did not file a Response that substantively responded to the issues raised by the Defendants. Instead, Plaintiff filed his own Motion for Summary Judgment, which argues for the Court to rule on the error in the substance of his underlying conviction, claiming that a recent change in Oregon gun laws exonerates him and requires his release. The Court finds this argument both unpersuasive, and irrelevant to the case at hand. This case is not an appeal of Plaintiff's underlying conviction, nor is it a case of post-conviction relief. Defendants are entitled to summary judgment on all claims.

## ORDER

The Defendants' motion for summary judgment (ECF #45) is granted. Plaintiff's motion for summary judgment (ECF #57) is denied. Plaintiff's motion (ECF #66) is denied as moot. Judgment shall be entered for the Defendants.

IT IS SO ORDERED and DATED this __7__ day of November, 2025.

MARK D. CLARKE
United States Magistrate Judge